Anita Susan Brenner, Esq. (SBN 58741)
**LAW OFFICES OF TORRES & BRENNER**
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
Telephone:  (626) 792-3175
Facsimile:  (626) 792-2921
E-mail:     info@torresbrenner.com

Attorneys for Defendant Deputy Julian Garcia-Mendoza, a public employee, erroneously sued as "Officer Mendoza"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES,<br><br>    Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY SHERIFFS DEPARTMENT, OFFICER MENDOZA, OFFICIAL AND INDIVIDUAL CAPACITIES; IRC SGT, OFFICIAL AND INDIVIDUAL CAPACITIES; AND OFFICER LEYVA, OFFICIAL AND INDIVIDUAL CAPACITIES.<br><br>    Defendants. | Case No.: 2:21-cv-08656-ODW-AGR<br>[Honorable Alicia G. Rosenberg, U.S. Magistrate Judge]<br><br>**DEFENDANT DEPUTY JULIAN GARCIA-MENDOZA'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE COURT AND TO PLAINTIFF ANTWONE STOKES AND HIS COUNSEL HEREIN:**

    Defendant Deputy Julian Garcia-Mendoza, a public employee, erroneously used as "Officer Mendoza" (hereafter "Defendant") for himself alone and for no other person, firm, entity or corporation, hereby answers Plaintiff's Complaint (hereafter :Complaint"), in his individual capacity only, as follows:

    The Plaintiff has failed to amend following the Order issued on April 3,

2023. Dkt. 37. Therefore, Defendant now responds to the operative Complaint in his individual capacity, only.

## PREVIOUS LAWSUITS

1. In response to "Previous Lawsuits," Dkt. No. 1, p. 1, ¶ A, p. 2 ¶¶ 1a-h, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. In response to Exhaustion of Administrative Remedies, Dkt. No. 1, p. 2, ¶ B (1)-(4), Defendant admits that there is a grievance procedure available, but lacks sufficient information to admit or deny the remaining allegations, and on that basis denies and on that basis denies each and every allegation.

3. In response to the several attachments filed in response to the statement "4. Please attach copies of papers related to the grievance procedure," Dkt. No. 1, p. 2 ¶ B(4), Defendant lacks sufficient information to admit or deny the allegations concerning the documents which are attached as Dkt. No. 1, pp. 7 – 27, and on that basis denies each and every allegation. Defendant reserves the right to secure true copies of all grievances from the County of Los Angeles or the Los Angeles County Sheriff's Department, and to amend this response on receipt and review of the grievance records produced by the custodian(s) of records.

## JURISDICTION

4. Defendant has insufficient information to admit or deny the allegations as to jurisdiction and venue based on the allegations in the Complaint and on that basis denies the allegations at Dkt. 1, p. 4, ¶ C. Defendant admits that Plaintiff seeks to litigate a Civil Rights claim and that such claims invoke the jurisdiction of this Court.

## CLAIM I

5. Defendant admits that he is a Deputy Los Angeles County Sheriff, and denies the remaining allegations as to himself, at Dkt. 1, p. 3, ¶ 1.

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

6. Defendant has insufficient information to admit or deny the allegations as to other parties on that basis denies the allegations at Dkt. 1, pp. 3-4, ¶¶ 2-5.

7. Defendant has insufficient information to admit or deny the allegations as to dates of 7-25-21(Claim 1), 7-30-21 (Claim II) and 8-13-21 (Claim III), and further lacks information as to the basis for Claim II and Claim III, and on that basis denies the allegations at the top of the page at Dkt. 1, p. 3.

8. As to Claim I alleged at Dkt. 1, pp. 5-6, Defendant has insufficient information to admit or deny the allegations as to other parties, and on that basis denies. As to himself, he denies the allegations of malfeasance, including but not limited to the "OVERVIEW" at Dkt. 1, p. 9. Defendant further denies that he acted inappropriately or responded inappropriately to requests by Plaintiff as alleged in Claim I. Defendant lacks sufficient information or belief to admit or deny the remaining allegations, and on that basis denies.

## CLAIM II

9. Defendant has insufficient information to admit or deny the allegations as to dates of 7-30-21 (Claim II) at Dkt. 1, p. 3, and further lacks information as to the basis for Claim II, and on that basis denies all allegations concerning Claim II.

## CLAIM III

10. Defendant has insufficient information to admit or deny the allegations as to dates of 8-13-21 (Claim III) at Dkt. 1, p. 3, and further lacks information as to the basis for Claim III, and on that basis denies all allegations concerning Claim III.

## REQUEST FOR RELIEF

11. In response to Plaintiff's prayer for damages, as stated at Dkt. 1, p. 6, ¶ E (1) to (4), Defendant denies that Plaintiff is entitled to the relief requested as to Defendant.

12. In response to Plaintiff's request for injunctive relief, as alleged at Dkt. 1, p. 6, and referenced elsewhere in the complaint, Defendant denies that Plaintiff is entitled to the relief requested as to Defendant.

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

## ATTACHMENTS

13. Defendant lacks sufficient information or belief to respond as to the documentation of the grievance process and the attachments, and on that basis denies each and every allegation, including the allegations on grievance at. Dkt. 1, pp. 12-27.

14. In answer to the remainder of the Complaint, Defendant has insufficient information to admit or deny the allegations and on that basis denies the allegations at Dkt. 1, pp. 6-11.

## AFFIRMATIVE DEFENSES APPLICABLE TO ALL CLAIMS
### FIRST AFFIRMATIVE DEFENSE

15. As a separate and distinct affirmative defense, Defendant alleges that plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

16. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims against are barred and Defendant has qualified immunity from the allegations set forth in the plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

17. As a separate and distinct affirmative defense, Defendant alleges that the conduct, if any, which is the subject of the plaintiff's Complaint, was absolutely and/or conditionally legally privileged, and/or justified and that all actions by Defendant were in good faith and reasonable.

### FOURTH AFFIRMATIVE DEFENSE

18. As a separate and distinct affirmative defense, Defendant alleges that plaintiff's Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

19. As a separate and distinct affirmative defense, Defendant alleges that

plaintiff's Complaint, and each claim contained therein, is barred pursuant to the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

20. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

21. As a separate and distinct affirmative defense, Defendant alleges that plaintiff is estopped by his own acts or omissions from recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

22. As a separate and distinct affirmative defense, Defendant alleges that any injury to Plaintiff was due to and caused by the negligence and omissions of Plaintiff to care for himself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

23. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's alleged damages, if any contained in the Complaint, were caused by persons and/or entities other than those answering who failed to exercise ordinary care, caution, prudence, and were negligent, or acted wrongfully in their dealing with plaintiff, and that at all time, said persons or entities were acting without consent, authorization, knowledge, and/or ratification of Defendant. Accordingly, any recovery against Defendant, alleged by Plaintiff, if any, must be precluded and/or reduced in a proportionate amount to the fault on the part of such other persons and/or entities.

**TENTH AFFIRMATIVE DEFENSE**

24. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each claim contained therein, is barred on the ground that Defendant was not the cause of any alleged damage, injury, or loss to plaintiff, if

any.

**ELEVENTH AFFIRMATIVE DEFENSE**

25. As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff suffered any detriment, such detriment was caused or contributed to by plaintiff's negligence, and damage, if any, should be reduced in direct proportion of his fault.

**TWELFTH AFFIRMATIVE DEFENSE**

26. As a separate and distinct affirmative defense, Defendant alleges that on or about the time, date, and place alleged in the Plaintiff's Complaint, the conduct of Plaintiff and/or third persons was of such nature as to constitute an independent, intervening, and superseding cause, which was the sole proximate cause of the injuries and damages allegedly suffered by Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

27. As a separate and distinct affirmative defense, Defendant alleges that all the causes of action set forth in Plaintiff's Complaint are barred because plaintiff failed to take reasonable steps to mitigate his damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

28. As a separate and distinct affirmative defense, Defendant alleges that any acts or omissions were discretionary, requiring personal deliberation, decision and judgement which were done honestly, reasonably and in good faith, and by virtue of which Defendant is immune from liability.

**FIFTEENTH AFFIRMATIVE DEFENSE**

29. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's causes of action under the Federal Civil Rights Act are barred, as the Complaint fails to raise facts that go beyond mere tortious conduct and fails to rise to the dignity of a violation of a Federal Constitutional or statutory right.

**SIXTEENTH AFFIRMATIVE DEFENSE**

30. As a separate and distinct affirmative defense, Defendant alleges that

Defendant is shielded from liability for civil damages insofar as the conduct in this case did not violate any statutory or constitutional right of which a reasonable person would have known.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

31. As a separate and distinct affirmative defense, Defendant alleges that the actions of Defendant in all respects were reasonable, proper and legal, and in reasonable defense of self or others.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

32. As a separate and distinct affirmative defense, Defendant alleges that Defendant is not liable pursuant to the doctrine of assumption of risk.

**NINETEENTH AFFIRMATIVE DEFENSE**

33. As a separate and distinct affirmative defense, Defendant alleges that the conduct alleged in plaintiff's Complaint did not violate an interest cognizable under 42 U.S.C. § § 1983, 1985, or 1986.

**TWENTIETH AFFIRMATIVE DEFENSE**

34. As a separate and distinct affirmative defense, Defendant alleges that plaintiff's claims are barred by the doctrine of offset.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

35. As a separate and distinct affirmative defense, Defendant alleges that plaintiff's claims are barred by the doctrine of release.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

36. As a separate and distinct affirmative defense, Defendant alleges that the Plaintiff's claims are barred by the failure of Plaintiff to exhaust all administrative remedies, including all remedies pursuant to 42 U.S.C. section 1997.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

37. As a separate and distinct affirmative defense, Defendant alleges that the Plaintiff's claims are barred pursuant to 42 U.S.C. section 1997(e), 28 U.S.C. section 1915A, 28 U.S.C. section 1915(e) and/or under the Prisoner's Litigation

Reform Act ("PLRA").

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

38. As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim under 42 U.S.C. section 1983 for Fourteenth Amendment violations, nor any other violations upon which relief can be granted against Defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

39. As a separate and distinct affirmative defense, all actions by Defendant were in good faith and reasonable.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

40. As a separate and distinct affirmative defense, Defendant is shielded from liability for civil damages insofar as the conduct in this case did not violate any statutory or constitutional right of which a reasonable person would have known.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

41. As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim under 42 U.S.C. section 1983 for an Eighth Amendment violation, nor any other violations upon which relief can be granted against Defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

42. As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim under 42 U.S.C. section 1983 for a First Amendment violation, nor any other violations upon which relief can be granted against Defendant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

43. As a separate and distinct affirmative defense, Defendant alleges that other defenses may exist to plaintiff's Complaint, and does not waive, but rather reserves the right to assert said defenses.

**WHEREFORE, Defendant prays for judgment as follows:**

1. That plaintiff takes nothing by reason of his Complaint, and that judgment be entered in favor of Defendant;

2. That Defendant recover costs of suit incurred herein, including reasonable attorneys' fees; and

3. That Defendant's employer, the County of Los Angeles, recover all costs of suit incurred herein, including reasonable attorneys' fees; and

4. For such other and further relief as the Court deems proper and just.

Respectfully submitted,

Dated: June 1, 2023      LAW OFFICES OF TORRES AND BRENNER

By: */s/ Anita Susan Brenner,*
Anita Susan Brenner, Esq.,
Attorneys for Defendant Deputy Julian Garcia-Mendoza

## DEMAND FOR JURY TRIAL

Defendant Deputy Juian Garcia-Mendoza, a public employee, erroneously sued as "Officer Mendoza" hereby demands a trial by jury as to all issues of fact properly triable by jury.

Dated: June 1, 2023              LAW OFFICES OF TORRES AND BRENNER

By: */s/ Anita Susan Brenner,*
    Anita Susan Brenner, Esq.,
    Attorneys for Defendant Deputy Julian Garcia-Mendoza

# CERTIFICATE OF SERVICE

Case Name:     *Stokes v. Los Angeles County Sheriffs Department, et al.*

Case No.:      2:21-cv-08656-ODW-AGR

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 301 East Colorado Boulevard, Suite 614, Pasadena, California 91101.

I hereby certify that on June 1, 2023, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system.

**DEFENDANT DEPUTY JULIAN GARCIA-MENDOZA'S ANSWER**

**DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct, and that this certificate was executed in Pasadena, California on June 1, 2023

/s/ *Idalia G. Guzman*
Idalia G. Guzman